UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NIELSEN, parent and next
friend, on behalf of his minor child, S.N.,
and the SKYLINE REPUBLICAN
CLUB,

                    Plaintiffs,

v.

ANN ARBOR PUBLIC SCHOOLS,
CORY McELMEEL, individually and in
his official capacity as the principal of
Skyline High School, and JEFFERSON
BILSBORROW, individually and in his
official capacity as a secretary at Skyline
High School,

                    Defendants.

_____/

Case No. 22-cv-12632

Paul D. Borman
United States District Judge

**AMENDED OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER (ECF NO. 2) ENJOINING DEFENDANTS FROM REFUSING TO BROADCAST PLAINTIFFS' MODIFIED REQUEST / REQUIRING DEFENDANTS TO BROADCAST THAT REQUEST ON ITS PUBLIC ADDRESS SYSTEM FOR "ALL SCHOOL ANNOUNCEMENTS" ON EITHER MONDAY, NOVEMBER 7, 2022 OR PRIOR TO NOON ELECTION DAY TUESDAY, NOVEMBER 8, 2022**

This matter is before the Court on Plaintiffs' Motion for an Emergency Ex

Parte Temporary Restraining Order. (ECF No. 2.) Defendants have filed a response

to Plaintiffs' Motion. (ECF No. 9.) An expedited hearing was held in this matter on

November 4, 2022, because of the time sensitive nature of the request: a First Amendment free speech issue relating to the November 8, 2022 election. For the reasons stated on the record, the Court grants Plaintiffs' Motion for a Temporary Restraining Order.[1]

## BACKGROUND

Plaintiffs have brought a civil rights complaint alleging that Defendants have violated their rights under the First and Fourteenth Amendments to the Constitution, and Title 42 U.S.C. § 1983, challenging Defendants' acts, policies, practices and/or procedures which deprived Plaintiffs S.N. and Skyline Republican Club of the right to freedom of speech and the equal protection of the laws. Plaintiffs have also alleged that Defendants have violated the federal law prohibiting denial of Equal Access to Defendants' open forum. 20 U.S.C. §§ 4071-74.

According to Plaintiffs' Verified Complaint, on Friday, October 21, 2022, Plaintiff S.N., a student at Skyline High School in the Defendant Ann Arbor Public Schools, submitted the following proposed announcement to be read over the Skyline High School's public address system, which also announces proposals from other student groups:

---

[1] The Court had, shortly after the November 4, 2022 hearing, issued a brief ruling (ECF No. 13) in favor of Plaintiffs, while stating a more fulsome ruling would be coming. This is that ruling.

2

Attention Students

Are you interested in joining our efforts to protect the health of women and children by joining us in our fight to defeat Proposal 3?

If proposal 3 is passed it would eliminate health and safety regulations, legalize late term and partial birth abortion, no longer require physicians to perform abortions, and eliminate informed consent laws.

If so, email us at skylinerepublicanclub@gmail.com

(ECF No. 1, Verified Compl. ¶ 50.)

Laurie Adams, an employee of the Defendant high school, responded that same morning, via email, that the announcement would not be read due to its "political nature" and that the school is "not allowed to advertise political activities per AAPS School Board Policy" 5.5, which provides:

The Superintendent shall notify any political parties, organizations, and/or candidates that they are expressly prohibited from promoting political activities and/or individuals on school property during school hours.

(*Id.* ¶¶ 51-52.)

Defendant Jefferson Bilsborrow, a secretary at Skyline High School, also allegedly told Plaintiff S.N. that same day, October 21, 2022, that he is "the one who controls the announcements" and that the announcement was rejected due to being "political" and that the proposed announcement was "subjective." (*Id.* ¶¶ 58, 62, 67.)

On October 28, 2022, Defendant Principal Cory McElmeel emailed Plaintiff S.N., ratifying the decision not to allow Plaintiffs' announcement on behalf of the

3

Skyline Republican Club, and stating that "on the advice of counsel," the announcement was not allowed "due to campaign finance law." (*Id.* ¶¶ 72-73.)

On November 1, 2022, Plaintiffs filed a Verified Complaint against Defendants in this Court, seeking a declaration that Defendants violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, and the Equal Access Act, requesting an injunction permitting Plaintiffs to share their announcement over the school's public address system, requiring that Plaintiffs receive equal treatment as other students and other non-curriculum student clubs, and a judgment awarding nominal damages. (ECF No. 1, Verified Compl.)

On November 2, 2022, Plaintiffs filed a Motion for an Emergency Ex Parte Temporary Restraining Order, requesting a temporary restraining order enjoining Defendants from unconstitutionally restricting their speech under the First Amendment, denying them equal protection of the law under the Fourteenth Amendment, and denying Federal Equal Access Act[2] treatment, benefits, and

---

[2] The Equal Access Act, 20 U.S.C. § 4071, provides, in pertinent part:

**Denial of equal access prohibited**

**(a) Restriction of limited open forum on basis of religious, political, philosophical, or other speech content prohibited**

It shall be unlawful for any public secondary school which receives Federal financial assistance and which has a limited open forum to deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within that limited open forum

privileges that other student clubs enjoy at Skyline High School. (ECF No. 2, Pls.'

Mot. TRO.)

On November 4, 2022, Defendants filed a Response opposing Plaintiff's

Motion for an Emergency Ex Parte Temporary Restraining Order. (ECF No. 9,

Defs.' Resp.) Defendants contend that Plaintiffs' announcement is not free speech

protected by the First Amendment, and that Plaintiffs' announcement as written

---

on the basis of the religious, political, philosophical, or other content of
the speech at such meetings.

**(b) "Limited open forum" defined**

A public secondary school has a limited open forum whenever such
school grants an offering to or opportunity for one or more
noncurriculum related student groups to meet on school premises
during noninstructional time.

**(c) Fair opportunity criteria**

Schools shall be deemed to offer a fair opportunity to students who wish
to conduct a meeting within its limited open forum if such school
uniformly provides that--
  **(1)** the meeting is voluntary and student-initiated;
  **(2)** there is no sponsorship of the meeting by the school, the
  government, or its agents or employees;
  **(3)** employees or agents of the school or government are present at
  religious meetings only in a nonparticipatory capacity;
  **(4)** the meeting does not materially and substantially interfere with
  the orderly conduct of educational activities within the school; and
  **(5)** nonschool persons may not direct, conduct, control, or regularly
  attend activities of student groups.

20 U.S.C. § 4071(a)-(c).

would also violate the Michigan Campaign Finance Act, Mich. Comp. Laws § 169.257(1), which they assert prohibits Defendants from contributing to or expressly advocating for a ballot question or candidate for public office. Defendants argue that Plaintiffs are not entitled to a temporary restraining order.

At the instant November 4th hearing, counsel for Defendants provided to the Court an Affidavit of Defendant Jefferson Bilsborrow, which attached an hours-earlier Friday, November 4th memorandum from Defendant Cory McElmeel, Principal of Skyline High School, to Skyline staff acknowledging that the school would be facilitating a student class walk-out and an onsite demonstration at 9 a.m. Monday, November 7, 2022 in response to *Roe v. Wade* that is organized in part by students "from our QRSA." (Attachment 1, 11/4/22 McElmeel Email.)

Also on November 4, 2022, Plaintiff S.N. filed a Supplemental Declaration in support of Plaintiffs' motion (ECF No. 7, S.N. Supp. Decl.), stating that "[i]t is widely recognized that the student club, the National Organization of Women (NOW), will host a walk-out this Monday, November 7, 2022 in support of voting yes on Proposal 3" and that school "[o]fficials and employees have organized this with NOW." (ECF No. 7, Decl. of S.N. ¶¶ 18-19.) S.N. declares that "[d]igital flyers have been shared over email and throughout the school day," and with his Supplemental Declaration, he provided an image of the flyer inviting Skyline students to a "WALKOUT TO SUPPORT <u>YES ON PROP 3!</u> JOIN US MONDAY

6

THE 7TH @ 9AM IN FRONT OF THE SHS STUDENT ENTRANCE." (*Id.* ¶ 20.) (See Attachment 2, Image of Flyer.)

Yet, even after the Skyline Republican Club had agreed to remove language from their message "to defeat Proposal 3" and presented the version to Defendants and the Court at the hearing, Defendants continued to reject Plaintiffs' request, while facilitating today's Skyline High School student walkout from classes to gather at the school's entrance to rally to promote a "Yes" vote on Proposal 3.

## DISCUSSION

When considering a motion for injunctive relief, the Court must balance the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief; (3) whether granting the preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network*, 511 F.3d at 542. These same factors are considered in evaluating whether to issue a temporary restraining order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical*

*Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). The Sixth Circuit Court of Appeals recently held that, "in First Amendment cases, only one question generally matters to the outcome: Have the plaintiffs shown a likelihood of success on the merits of their First Amendment claim?" *Fischer v. Thomas*, --- F.4th ---, No. 22-5938, 2022 WL 15562885, at *3 (6th Cir. Oct. 28, 2022) (citing *Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477, 482 (6th Cir. 2020); *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012)). "This is so because … the issues of the public interest and harm to the respective parties largely depend on the constitutionality of the [state action]." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007) (citations omitted).

As stated above, Plaintiffs initially sought to have the following announcement read over the Skyline High School's public address system:

> Attention Students
>
> Are you interested in joining our efforts to protect the health of women and children by joining us in our fight to defeat Proposal 3?
>
> If proposal 3 is passed it would eliminate health and safety regulations, legalize late term and partial birth abortion, no longer require physicians to perform abortions, and eliminate informed consent laws.
>
> If so, email us at skylinerepublicanclub@gmail.com

(ECF No. 1, Verified Compl. ¶ 50.)

At this Court's November 4, 2022 expedited hearing on Plaintiffs' motion, Plaintiffs agreed to revise the requested announcement, eliminating the words "by joining us in our fight to defeat Proposal 3," to state as follows:

Attention Students

Are you interested in joining our efforts to protect the health of women and children?

If proposal 3 is passed it would eliminate health and safety regulations, legalize late term and partial birth abortion, no longer require physicians to perform abortions, and eliminate informed consent laws.

If so, email us at skylinerepublicanclub@gmail.com

Defendants nevertheless rejected this proposal that eliminated a Plaintiff suggested "No" vote on Proposal 3.

The Court finds, as stated from the bench at the hearing, that Plaintiffs have shown a strong likelihood of success on the merits of their First Amendment claim, and that they therefore have satisfied the requirements for obtaining a temporary restraining order at this early stage of the case. *See Fischer*, 2022 WL 15562885, at *2.

Significantly, Defendants were aware of the planned walkout from classes, by students, in support of the Skyline High School NOW student organization calling for a "Yes" vote on Proposal 3, that is scheduled to take place on school property and during school hours today, Monday, November 7th. In light of the upcoming election tomorrow Tuesday, November 8, 2022, and the significant constitutional

9

issues involved in this matter, the Court notes the exigency of the circumstances in this case and grants Plaintiffs' motion to require Defendants to post the Plaintiffs' modified announcement on the Skyline High School's morning announcements today, Monday, November 7, 2022, or Tuesday, November 8, 2022, prior to noon:

> Attention Students
>
> Are you interested in joining our efforts to protect the health of women and children?
>
> If proposal 3 is passed it would eliminate health and safety regulations, legalize late term and partial birth abortion, no longer require physicians to perform abortions, and eliminate informed consent laws.
>
> If so, email us at skylinerepublicanclub@gmail.com

## CONCLUSION

The Court finds that Defendants seek to silence Plaintiffs' appropriate First Amendment speech as to Michigan Proposal 3, and violate the Equal Access Act by refusing to broadcast Defendants' modified announcement with their morning announcements, while permitting – indeed facilitating – its students to walkout from classes and join a demonstration in favor of Proposal 3 at the main entrance to Skyline High School.

The United States Supreme Court decision in *Hazelwood School District v. Kuhlmeier*, 484 U.S. 260 (1988), while reaffirming its holding in *Bethel School District No. 403 v. Fraser*, 478 U.S. 675 (1986) – the determination of what manner

10

of speech in the classroom or in school assembly is inappropriate, properly rests with the school board, clearly stated:

> Hence, school facilities may be deemed to be public forums only if school authorities have "by policy or by practice" opened those facilities "for indiscriminate use by the general public," or by some segment of the public, such as student organizations.

*Hazelwood*, 484 U.S. at 267 (internal and end citations omitted). That is exactly what has occurred in the instant case. Skyline High School has opened the school for student organization participation. Defendant has rejected Plaintiffs' request to participate as a student organization. Yet Defendant has facilitated another student organization's request to open the school property for a political rally to promote the vote "For" Proposal 3.

The Court's Order is issued because the conduct of Defendants Ann Arbor Public Schools, Cory McElmeel, individually and in his official capacity as Principal of Skyline High School, and Jefferson Bilsborrow, individually and in his capacity as secretary of Skyline High School, violate Plaintiffs' First Amendment right to free speech, the Fourteenth Amendment's right to equal protection under law, and the federal Equal Access Act, 20 U.S.C. §§ 4071-74.

The Court concludes that, pursuant to Fed. R. Civ. P. 65(a), no security from

Plaintiffs shall be required to pay potential costs and damages sustained by any

Defendants.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: November 7, 2022


Attachment 1 (11/4/22 McElmeel Email)
Attachment 2 ( Copy of Flyer)

12