## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID NIELSEN, parent and next
friend on behalf of minor child. S.N. and
SKYLINE REPUBLICAN CLUB

Case No. 2:22-cv-12632

Hon. Paul D. Borman
Hon. Mag. Judge David R. Grand

     Plaintiffs,

vs.

ANN ARBOR PUBLIC SCHOOLS,
CORY MCELMEEL, individually and in
his official capacity as Principal of
Skyline High School; and
JEFFERSON BILSBORROW,
individually and in his official capacity
as a Secretary at Skyline High School,

     Defendants.

_____

| | |
|---|---|
| **RICHARD THOMPSON (P21410)** | **ROBERT M. VERCRUYSSE (P21810)** |
| **ERIN MERSINO (P70886)** | **CLARK HILL PLC** |
| **THOMAS MORE LAW CENTER** | **ANNE-MARIE VERCRUYSSE WELCH (P70035)** |
| 24 Frank Lloyd Wright Drive | 500 Woodward Avenue, Suite 3500 |
| P.O. Box 393 | Detroit, MI  48226 |
| Ann Arbor, MI  48106 | (313) 965-8325  (313) 309-6958 |
| T: (734) 827-2001 | rvercruysse@clarkhill.com |
| F: (734) 930-7160 | awelch@clarkhill.com |
| rthompson@thomasmore.org | Attorneys for Defendants |
| emersino@thomasmore.org | |

Attorneys for Plaintiff

_____

## DEFENDANTS' ANSWER
## AND AFFIRMATIVE AND OTHER DEFENSES

Defendants, Ann Arbor Public Schools, Cory McElmeel and Jefferson Bilsborrow, by their attorneys, Clark Hill PLC, state as follows for Answer to Plaintiffs' Complaint:

## **INTRODUCTION**

1.      In answer to paragraph 1, Defendants admit only that Plaintiffs are alleging that this is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  Defendants deny as untrue any remaining allegations containing in paragraph 1 of Plaintiffs' Complaint.

2.      Defendants deny as untrue the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny as untrue the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Defendants deny as untrue the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny as untrue the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Paragraph 6 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to

be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

7.      Defendants deny as untrue the allegations contained in paragraph 7 of Plaintiffs' complaint.

8.      Defendants admit that Plaintiffs seek a declaration that Defendants violated Plaintiffs' rights, an injunction and judgment but deny that Plaintiffs are entitled to such and deny any remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9.      Paragraph 9 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

10.      Paragraph 10 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that this Court has jurisdiction to hear constitutional claims but deny any violation of the Constitutional Rights of Plaintiffs have occurred.

11.      Paragraph 11 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to

be required, Defendants deny as untrue any allegations that are inconsistent with applicable law and aver that Plaintiffs are not entitled to damages claimed.

12.    Paragraph 12 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that venue in this Court is proper.

## **PLAINTIFFS**

13.    Defendants admit that Plaintiff is a senior, at Skyline High School which located in Ann Arbor, Michigan and that S.N. is a minor that sues by and through his next friend, his father, David Nielsen.  In further answer to paragraph 13 of Plaintiffs' Complaint, Defendants neither admit nor deny that S.N. is the president of the Skyline Republican Club, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

14.    In answer to paragraph 14 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

15.    In answer to paragraph 15 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient

knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

16.     In answer to paragraph 16 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

17.     Paragraph 17 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

## **DEFENDANTS**

18.     Admitted.

19.     Admitted.

20.     Defendants deny as untrue the allegations contained in paragraph 20 of Plaintiffs' Complaint.  By way of further answer, Defendants aver that Ann Arbor Public Schools and its officials are not responsible for the Michigan Campaign Finance Act.

21.     Defendants deny as untrue the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny as untrue the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Paragraph 23 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

24.     Defendants admit that Defendant McElmeel is the Principal of Skyline High School, that Plaintiffs have sued him individually and in his official capacity.  Defendants deny as untrue the remaining allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny as untrue the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny as untrue the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendants admit that Plaintiffs have sued Defendant McElmeel individually and in his official capacity.  Defendants deny as untrue the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendants admit that Plaintiffs have sued Defendant Bilsborrow individually and in his official capacity.  Defendants deny as untrue the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.    Paragraph 29 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.  Defendants admit that Plaintiffs have sued Defendant Bilsborrow individually and in his official capacity.  Defendants deny as untrue the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

30.    Defendants admit that Skyline High School is a public secondary educational institution for students grade nine through twelve that receives federal financial assistance. By way of further answer, Defendants aver that the remaining allegations in Paragraph 30 of the Complaint state a legal conclusion to which no response is required.   To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

31.    Admitted.

32.    Defendants deny as untrue the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.    Defendants deny as untrue the allegations contained in paragraph 33 of Plaintiffs' Complaint.  By way of further answer, neither individual Defendant reviewed or approved this announcement.

34.     Defendants deny as untrue the allegations contained in paragraph 34 of Plaintiffs' Complaint.  By way of further answer, neither individual Defendant reviewed or approved this announcement.

35.     Defendants admit only that the text of the announcements stated in paragraph 35 of Plaintiffs' Complaint appear on Skyline's family and student resource's webpage.  By way of further answer, not all announcements that appear on the family and student resources page of Skyline's webpage are read with the daily announcements; and, from time-to-time the content of the announcements are altered prior to publication on the webpage.

36.     Defendants deny as untrue the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny as untrue the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny as untrue the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny as untrue the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Defendants deny as untrue the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny as untrue the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny as untrue the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny as untrue the allegations contained in paragraph 43 of Plaintiffs' Complaint.  By way of further answer, neither individual Defendant reviewed or approved this announcement. See also, Defendants' Answer to paragraph 35 of the Complaint.

44.     Defendants deny as untrue the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny as untrue the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendants deny as untrue the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny as untrue the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Defendants admit only that student S.N. submitted an announcement on October 21, 2022.  By way of further answer, Defendants deny that the Skyline Republican Club was a registered Club at the time of such submission and deny any remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny as untrue the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Admitted.

51.     Defendants deny as untrue the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Admitted.

53.     Defendants deny as untrue the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendants deny as untrue the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     Defendants deny as untrue the allegations contained in paragraph 55 of Plaintiffs' Complaint.  By way of further answer, Defendants admit that Laurie Adams sent an email to Plaintiff S.N.

56.     Admitted.

57.     Admitted.

58.     Defendants deny as untrue the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint in the manner and form stated.

60.   In answer to paragraph 60 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

61.   Defendants deny as untrue the allegations contained in paragraph 61 of Plaintiffs' Complaint.  By way of further answer, Plaintiff did not express confusion.

62.    Defendants deny as untrue the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.   Defendants deny as untrue the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.   Defendants deny as untrue the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.   Defendants deny as untrue the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.   Defendants admit only that Defendant Bilsborrow stated that he had not read Proposal 3.  Defendants deny the remaining allegations in Paragraph 66 of Plaintiffs' Complaint as untrue.

67.   Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint in the manner and form stated.

68.    Defendants admit only that Plaintiff S.N. argued that his announcement was factual.  Defendants deny as untrue the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.    Defendants deny as untrue the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70.    In answer to paragraph 70 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs

71.    Defendants deny as untrue the allegation that Defendant Bilsborrow stated to become angry and cut Plaintiff S.N. off whenever he tried to continue the conversation. Defendants, without being in possession of a recording or transcript of the conversation, neither admit nor deny the quoted allegation in Paragraph 71 of Plaintiffs' Complaint.

72.    Defendants admit only that Defendant McElmeel emailed Plaintiff S.N. on October 28, 2022.  The email speaks for itself.

73.    Defendants deny as untrue the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.    Defendants deny as untrue the allegations contained in paragraph 74 in the manner and form stated and leave Plaintiffs to their proofs.

75.     Defendants deny as untrue the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Defendants deny as untrue the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.     Defendants admit the words "vote for" or "against" were not used in Plaintiffs' proposed announcement; however, the announcement did invite students to join "us in our fight" "to defeat Proposal 3".

78.     Defendants deny as untrue the allegations contained in paragraph 78 of Plaintiffs' Complaint and see the answer to paragraph 77.

79.     In answer to paragraph 79 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

80.     Paragraph 80 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

81.     In answer to paragraph 81 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient

knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

82.    In answer to paragraph 82 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

83.    In answer to paragraph 83 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

84.    Defendants deny as untrue the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.    In answer to paragraph 85 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.  By way of further answer, Defendants aver that Proposal 3 speaks for itself.

86.    Paragraph 86 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed to be required,

Defendants deny as untrue any allegations that are inconsistent with applicable law. By way of further answer, Defendants aver that Proposal 3 speaks for itself.

87.    Paragraph 87 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law. By way of further answer, Defendants aver that Proposal 3 speaks for itself.

88.    Paragraph 88 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law. By way of further answer, Defendants aver that Proposal 3 speaks for itself.

89.    Defendants deny as untrue the allegations contained in paragraph 89 of Plaintiffs' Complaint. By way of further answer, the proposed announcement was not a recitation of Proposal 3.

90.    Defendants deny as untrue the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.    Defendants deny as untrue the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.    Defendants deny as untrue the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.    In answer to paragraph 93 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.  By way of further answer, the proposed announcement did not contain any mention of a meeting.

94.    In answer to paragraph 94 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

95.    In answer to paragraph 95 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

96.    In answer to paragraph 96 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

97.    In answer to paragraph 97 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient

knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

98.    Defendants deny as untrue the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.    Defendants deny as untrue the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.   Defendants deny as untrue the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.   Defendants deny as untrue the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.   In answer to paragraph 102 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein, lacking sufficient knowledge and information to form a belief as to the truth of the allegations, and accordingly leave Plaintiffs to their proofs.

## FIRST CLAIM FOR RELIEF
### (Freedom of Speech – First Amendment
### Viewpoint Discrimination)

103.   Defendants incorporate herein by reference each and every paragraph as though fully set forth herein.

104.   Defendants deny as untrue the allegations contained in paragraph 104 of Plaintiffs' Complaint.

105.   Defendants deny as untrue the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.   Defendants deny as untrue the allegations contained in paragraph 106 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
### (Freedom of Speech – First Amendment
### Unconstitutional Discretion, Prior Restrain)

107.   Defendants incorporate herein by reference each and every paragraph as though fully set forth herein.

108.   Defendants deny as untrue the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.   Defendants deny as untrue the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.   Defendants deny as untrue the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.   Defendants deny as untrue the allegations contained in paragraph 111 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
### (Equal Protection – Fourteenth Amendment)

112.   Defendants incorporate herein by reference each and every paragraph as though fully set forth herein.

113.   Defendants deny as untrue the allegations contained in paragraph 113 of Plaintiffs' Complaint.

114.   Defendants deny as untrue the allegations contained in paragraph 114 of Plaintiffs' Complaint.

115.   Defendants deny as untrue the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.   Paragraph 116 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

117.   Paragraph 117 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

118.   Defendants deny as untrue the allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.   Defendants deny as untrue the allegations contained in paragraph 119 of Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Federal Equal Access Act)

120.   Defendants incorporate herein by reference each and every paragraph as though fully set forth herein.

121.   Defendants deny as untrue the allegations contained in paragraph 121 of Plaintiffs' Complaint.

122.   Admitted.

123.   Paragraph 123 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

124.   Paragraph 124 of Plaintiffs' Complaint attempts to set forth a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

125.   Defendants deny as untrue the allegations contained in paragraph 125 of Plaintiffs' Complaint.

126.   Defendants deny as untrue the allegations contained in paragraph 126 of Plaintiffs' Complaint.

127.   Defendants deny as untrue the allegations contained in paragraph 127 of Plaintiffs' Complaint.

128.   Defendants deny as untrue the allegations contained in paragraph 128 of Plaintiffs' Complaint.

129.   Defendants deny as untrue the allegations contained in paragraph 129 of Plaintiffs' Complaint.

WHEREFORE, Defendants respectfully request that this Court: (1) dismiss Plaintiffs' Complaint with prejudice; (2) award Defendants their costs and attorneys' fees wrongfully incurred under U.S.C. § 1988; and (3) grant such further and additional relief as justice and fairness require.

## JURY DEMAND

NOW COME Defendants, by and through their attorneys, Clark Hill PLC, and hereby rely on the jury demand filed by Plaintiffs in the above-entitled cause of action and demand a trial by jury on all issues so triable

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and by way of affirmative and other defenses, Defendants state that they will rely upon the following affirmative and other defenses, if applicable and if supported by facts to be determined by appropriate discovery:

1.   Plaintiffs' claims should be dismissed, in whole or in part, as they have failed to state a claim upon which relief can be granted.

2.     Defendants have not violated any established right under the Constitution or laws of the US or any political subdivision or any act of Congress providing for the protection of civil rights.

3.     Defendant Ann Arbor Public Schools and its employees acted in the lawful exercise of their discretion and as a result the Ann Arbor Public Schools are entitled to governmental immunity.

4.     Defendants are required under the Michigan Campaign Finance Act to take no position on pending matters before a scheduled vote on such matters and acted in compliance with the law.

5.     The individual defendants have not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore are entitled to qualified immunity.

6.     A preliminary injunction is inappropriate because the challenged conduct has already occurred and addressed by this Court and there is no threat of reoccurrence.

7.     Plaintiffs' claims against Defendants are barred in whole or in part because of Plaintiffs' own actions, misconduct, unclean hands and/or misrepresentations.

8.      Defendants Jefferson Bilsborrow and Cory McElmeel acted in good faith in the performance of their official duties and are entitled to immunity for all actions taken toward Plaintiffs.

9.      Plaintiffs unreasonably failed to take advantage of preventative and/or corrective opportunities provided by Defendants and/or to avoid harm otherwise.

10.     Plaintiffs' claims against Defendants are barred in whole or in part because any actions, decisions or statements of Defendants relevant to this matter were made lawfully and in good faith solely on the basis of Defendants' business judgment.

11.     Plaintiffs have an obligation to mitigate their alleged damages and have failed to do so.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

13.     Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust their administrative remedies and/or comply with conditions precedent.

14.     Plaintiffs' claims should be dismissed, in whole or in part, as they have suffered no damages.

15.     Plaintiffs' claims and requests for damages are barred, in whole or in part, by their own improper acts of omission and/or commission.

16.     Plaintiffs' damages, if any, were not proximately or otherwise caused by the conduct of Defendants.

17.     Defendants reserve the right to add additional affirmative defenses as discovered in its continuing investigation and discovery.

WHEREFORE, Defendants respectfully request that this Court: (1) dismiss Plaintiffs' Complaint with prejudice; (2) award Defendants their costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988; and (3) grant such further and additional relief as justice and fairness require.

Respectfully Submitted,

**CLARK HILL PLC**

By:    s/ Anne-Marie V. Welch
**Anne-Marie Vercruysse Welch (70035)**
151 S. Old Woodward Avenue, Suite 200
Birmingham, MI  48009
(248) 988-1810 FAX: (248) 988-2517
awelch@clarkhill.com

Dated:  November 22, 2022        **Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully Submitted,

**CLARK HILL PLC**

By:    s/ Anne-Marie V. Welch
**Anne-Marie Vercruysse Welch (70035)**
151 S. Old Woodward Avenue, Suite 200
Birmingham, MI  48009
(248) 988-1810 FAX: (248) 988-2517
awelch@clarkhill.com
**Attorneys for Defendants**