IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOREN NIELSEN and the
SKYLINE REPUBLICAN
CLUB,

        Plaintiffs,

  v.

ANN ARBOR PUBLIC  SCHOOLS,
CORY McELMEEL, individually
and in his official capacity as the
principal of Skyline High School,
and JEFFERSON BILSBORROW,
individually and in his official
capacity as a secretary at Skyline
High School,

        Defendants.

Case No. 2:22-cv-12632
Honorable F. Kay Behm

Hon. Mag. Curtis Ivey Jr.

**<u>PLAINTIFFS' MOTION TO COMPEL FULL AND COMPLETE
DISCOVERY RESPONSES AND COMPEL A DEPOSITION OF
THE ANN ARBOR PUBLIC SCHOOLS'
FED. R. CIV. P. 30(b)(6) WITNESS</u>**

Plaintiffs, by and through their attorneys, move this Honorable Court

pursuant to Fed. R. Civ. P. 30, 34, and 37 to order Defendants to provide

full and complete responses to their First Request for Documents (Exhibit

1) and to Compel the Deposition of Defendant Ann Arbor Public Schools'

Fed. R. Civ. P. 30(b)(6) witness.

In support of this Motion, Plaintiffs rely upon and incorporate by

reference the facts, arguments, and legal authority set forth in the

accompanying Brief in Support, as well as the pleadings on file with the Court.  Pursuant to Fed. R. Civ. P. 37 and E.D. Mich. LR 7.1, concurrence in the instant relief was requested from opposing counsel.  On July 19, 2023, Plaintiffs first emailed Defendants regarding concurrence on their motion to compel documents.  Since then, Defendants represented that additional responsive documents exist.  In September of 2023, Defendants stated that they would need a protective order to comply, but after Plaintiffs did not accept their protective order as written, Defendants never motioned the Court for a protective order and never provided the additional documents.  (Exhibit 3).  Even as recently as Thursday, March 7, 2024, Plaintiffs called Defendants to obtain a full response to their May 2023 discovery request.  Defendants stated that they would look to see if more documents existed (even though they already admitted they did) and would produce them by today.  Defendants never produced anything further.

The same sort of behavior from Defendants can be seen in response to Plaintiffs' continual requests to depose Defendant Ann Arbor Public School's Fed. R. Civ. P. 30(b)(6) witness.  Since March 15, 2023, Plaintiffs' have made repeated attempts to schedule the depositions in this case.  (Exhibit 4).  Defendants have stalled and delayed for months.  On February

29, 2024, after months of trying to schedule the deposition, Plaintiffs served their Deposition Fed. R. Civ. P. 30(b)(6) Notice on Defendants. (Exhibit 5). The parties met and conferred on Friday March 1, 2024, and Defendants agreed to honor the deposition notice if it could be conducted on March 11, 2024 instead of on March 15, 2024 as it was noticed. Then, on March 7, 2024, the parties met and conferred over the phone again, at which time Defendants stated they could no longer honor the March 11, 2024 date. Defendants then agreed to a 30-day extension of discovery to accommodate the deposition and stated that they would prepare a joint stipulation to file by today's date. Today March 14, 2024, however is the close of discovery, and Defendants have never sent the stipulation, just as they never sent any additional documents to complete their document production, and Plaintiffs do not anticipate any of it to be forthcoming based on the previous year and a half of delay, broken promises, and obfuscation. Plaintiffs have been patient, but at this point it is clear that the matter will not be resolved without Court intervention requiring Defendants to comply with the federal rules. What Plaintiffs seek is simple: complete discovery responses to Plaintiffs' Requests No. 3, 4, 5, 6, 11, 31, 43, 44, 52, and 53 and one deposition.

iii

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order compelling Defendants to provide full and complete responses to their First Document Request.  In order for this to occur, Plaintiffs seek to retain a third-party forensic expert to perform a full forensic search of all school systems, all document retention systems, all email systems, and all text message systems, and any other sources to search for responsive documents.  Plaintiffs also ask this Court to enter an order compelling Defendants to provide a Fed. R. Civ. P. 30(b)(6) representative/s to be deposed.

Dated: March 14, 2024, 2018

THOMAS MORE LAW CENTER

/s/ Richard Thompson
Richard Thompson

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOREN NIELSEN and the
SKYLINE REPUBLICAN
CLUB,

        Plaintiffs,

 v.

ANN ARBOR PUBLIC  SCHOOLS,
CORY McELMEEL, individually
and in his official capacity as the
principal of Skyline High School,
and JEFFERSON BILSBORROW,
individually and in his official
capacity as a secretary at Skyline
High School,

        Defendants.

Case No. 2:22-cv-12632

Honorable F. Kay Behm

Hon. Magistrate Curtis Ivey Jr.

**<u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
FULL AND COMPLETE DISCOVERY RESPONSES AND COMPEL
A DEPOSITION OF THE ANN ARBOR PUBLIC SCHOOLS' FED.
R. CIV. P. 30(b)(6) WITNESS</u>**

## <u>TABLE OF CONTENTS</u>

Statement of Issues Presented...............................................…………….……….....iii

Most Controlling Authority...............................................………………………….....iv

Statement of Facts …………………………………………………………………………..1

Legal Argument…………………………………………………………………….....9

I.      The Court Should Compel Defendants to Respond to Plaintiffs' Discovery Requests Fully and Completely and Order a Third-Party Forensic Audit to Ensure This is Done……………………………………………..………………………………10

II.     The Court Should Compel Defendants to Comply with Plaintiffs' Notice of Deposition of the Defendant Ann Arbor Public Schools' Fed. R. Civ. P. 30(b)(6) Representative…………………………………………………………….....14

Conclusion……………………………………………………………………….15

Certificate of Service………………………………………………………….......16

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.  Should the Court compel Defendants to respond to Plaintiffs'
    discovery requests fully and completely, where the requested
    discovery is relevant to the claims and defenses in this litigation,
    and Defendants have asserted no valid objections thereto?

II. Should the Court compel Defendants to allow for the deposition
    of the Defendants Ann Arbor Public Schools' Fed. R. Civ. P.
    30(b)(6) witness when they have not objected to providing the
    representative, but delayed and failed to comply with a served
    deposition notice?

# <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 26, 30, 34, 37

*Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017)

*Gammons v. Adroit Med. Sys., Inc.*, No. 3:21-CV-173-TAV-DCP, 2023 WL 1425342 (E.D. Tenn. Jan. 31, 2023)

*Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 1086378 (E.D. Mich. Apr. 11, 2022)

<u>**STATEMENT OF FACTS**</u>

**I.    Defendants Failure to Fully Respond to Plaintiffs'
       First Request for Documents.**

On May 11, 2023, Plaintiffs' served their First Request for
Documents (Exhibit 1).  On June 30, 2023, Defendants responded with a
limited production that is patently incomplete.  (Exhibit 2, Defs'
discovery response with documents available by hyperlink at: <u>SOREN
NIELSEN_Defs' Discovery Responses</u>).  On July 29, 2023, Plaintiffs sent
the following email,

> We write in response to Defendants' deficient discovery
> responses and document production in response to Plaintiff's
> discovery requests to date.  We believe that Defendants have
> not carried out their obligations in responding to our
> requests.  We request supplemental responses and
> production.  Alternatively, we seek your concurrence in a
> motion to compel further responses and production.
>
> In reviewing your written discovery responses and reviewing
> the scant document production provided, it appears clear that
> little investigation and proper diligence was performed in
> seeking and producing documents in your possession or
> control.  We provided you—and by extension, your client—
> with 53 document requests, all relevant to the matter at
> hand.  In response, you provided boilerplate objections to each
> and every request, stating that the requests were overly
> burdensome or not proportional to the matter at hand.  We
> disagree.  Moreover, in response to numerous document
> requests seeking documents from the entire Ann Arbor Public
> Schools, we were provided with a handful of documents, a
> single text message that was cutoff, few emails, and very little

1

of use.  Yet you did produce photos of ceramic figurines that clearly have no relevance to the matter at hand.  We find this production deficient, and it appears that a proper search for electronic or other documents was not performed.

Fed. R. Civ. P. 34(b)(2)(B) requires a party to produce the documents Plaintiffs requested within 30 days.  You requested an extension to fulfill the request but did not produce the requested documents by the agreed upon extended deadline.  When it is necessary to make the production in stages your response should specify the beginning and end dates of the production.  A party violates Rule 34 by stating it will produce documents but with no reasonable deadline in sight.  Furthermore, a party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections.  *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017).

In response to every one of our requests for discovery, you listed questionable objections and produced very little evidence.  You allegedly claim that each and every one of our requests are unduly burdensome and disproportional, but our requests are limited in time and scope and narrow in nature.  It strains credulity that a proper electronic search was performed—to seek documents responsive to each of our discovery requests—and the scant material provided was all that was discovered.  Please advise as to what steps were taken as to conduct a proper search for the documents requested as to each request and please confirm whether you are representing that what was produced to date are the only documents produced that are responsive to our requests.

If you are unwilling to perform a proper search for responsive documents, we will have no choice but to file a motion to compel.  If so, we will ask the court to permit us to retain a third-party forensic expert to perform a full forensic search of all school systems, all document retention systems, all email

2

systems, and all text message systems, and any other sources to search for responsive documents.  By way of example only of your refusal to produce documents responsive to the most simple requests—but by no means a full accounting of all of your deficiencies—the following simple requests were clearly not complied with:

- **Responses to Requests No. 3:** You state that you will not produce responsive social media posts because you claim that they are public.  But that is untrue.  It is not burdensome or asking too much for the school to produce the social media posts it or its employees posted themselves.
- **Response to Requests No. 3, 4, and 5**: You sent one singular text in response to our request for text messages of all Ann Arbor Public School Employees' text messages, and it is clearly cut off in the middle of the exchange.  *See* AAPS 151.  Clearly there was more to this text message that should have been produced.  And certainly there were more texts throughout the whole school district should have been produced if a proper investigation have been performed.
- **Response to Request No. 3-6**: We requested emails, policies, documents, posts, and numerous other potential evidence germane to this case; in response, we have been produced very little.
- **Response to Request No. 11**: We request documents evidencing the Ann Arbor Schools' document and communication retention preservation or destruction policies, yet you refused to produce anything in response.
- **Response to Request No. 31**: We requested copies of all relevant personnel records of named Defendants.  You produced nothing in response.  This is deficient.
- **Response to Request No. 43**: We requested documents from the last 9 months in which any named Defendants or its agents communicate regarding the preservation, deletion, or destruction of evidence.  You state that such information is overbroad, unduly burdensome, and is not relevant.  We strongly disagree, and believe the Court would as well.
- **Responses to Requests No. 44, 52, and 53:** We requested communications with witnesses listed on your own witness

list, such as Che Carter, Tracey Lowder, the email address obpozenel@gmail.com, and other witnesses from your own witness list, yet you stated that it was too burdensome to produce such documents.

- Many of your objections refer to privileged documents yet you have not produced a privilege log.  Please provide that at your earliest convenience.

Again, we ask that you confirm what steps were taken, what search terms were used, what e-discovery software or services were utilized, and how it is that the Defendants performed their due diligence to discover responsive documents.  And if the answer is that no such search was performed, we will seek an order from the Court permitting us to perform such searches ourselves, and will request that the expense for doing so be paid by Defendants.

If you believe there are specific requests and responses that should be discussed or that are fertile ground for producing additional documentation, I am happy to meet and confer as to those requests.  But at this point you have provided the same baseless objections and failed to produce documents responsive to nearly all—if not all—of our requests.  We hope to hear back from you in a timely fashion, otherwise we will file our motion to compel and seek recovery of our costs for doing so.

(Exhibit 3).  What Plaintiffs wrote on July 29, 2023 is still true today, as months have passed, and Defendants have still failed to provide any additional documents.  Defendants are still insufficient in responding to Plaintiffs' Requests for documents No. 3, 4, 5, 6, 11, 31, 43, 44, 52, and 53.

To show the flagrance and disregard Defendants have for the discovery rules, Plaintiffs highlight two examples.  First, Defendants admittedly have failed to comply with discovery rules.  The sole text message string Defendants provide in response to Plaintiffs' 53 document requests is cut off in the middle of a relevant text.   (Exhibit 6). Defendants admitted that the text message string omitted relevant evidence, yet never provided the remainder of the texts nor any other responsive documents, emails or texts. (Exhibit 7).  During his deposition witness Defendant Corey McElmeel stated that the text message in Exhibit 6 was cut-off, but claimed that it may have been due to an attorney client privilege.  (Exhibit 7, Dep. of Cory McElmeel at 120-21, lns. 10-25, 1-13).  Mr. McElmeel then conceded that the text string was not with council, but two other employees of the Ann Arbor Public Schools, former Superintendent Jeanice Swift and current Superintendent Jazz Parks.  *Id*.  Mr. McElmeel also admitted that he submitted more texts than what Defendants provided to Plaintiffs in discovery.  *Id*. at 254, lns. 14-16. Defendants' lack of adherence to the discovery rules also became apparent during the Deposition of Former Superintendent Jeanice Swift.  (Exhibit 8).  Ms. Swift testified that she

communicated with the Ann Arbor Public Schools Board of Education more times than she could recall, yet Defendants failed to provide even one communication from her to or with the Board of Education.  Id. at 85, lns. 12-14.  And Defendants counsel admits that they have additional documents and would produce then after obtaining a protective order, but Defendants never motioned the Court for a protective order and never provided the additional documents.  (Exhibit 3).

The second obvious way Defendants have failed to comply with discovery rules is that they claim that documents were withheld due to privilege but refuse to provide a privilege log.  See (Exhibit 3).  Plaintiffs first brought this to Defendants' attention in July of 2023, and to date, Defendants have never provided a privilege log.  Plaintiffs have tried time and again to gain compliance from Defendants during the discovery process, but compliance with the discovery rules has not been forthcoming and now the time for compliance is expiring.

## II.   Defendants' Failure to Comply with Plaintiffs' Notice to Depose Defendant Ann Arbor Public Schools' Fed. R. Civ. P. 30(b)(6) Representative.

Since March 15, 2023, Plaintiffs' have made repeated attempts to schedule the depositions in this case.  (Exhibit 4).  Defendants have

stalled and delayed for months.  On February 29, 2024, after months of

trying to schedule the deposition of Defendants' Fed. R. Civ. P. 30(b)(6)

Representative on a mutually agreeable date, Plaintiffs notice the

deposition.  (Exhibit 5).  Notably, Plaintiffs sought a representative of

Defendant Ann Arbor Public Schools to testify to what preservation

methods were used for Defendants' ESI.  (Exhibit 5).  Plaintiffs sent

Defendants a preservation letter on October 26, 2022.  (Exhibit 9).  The

Letter stated, "please be advised of your duty under the Federal Rules of

Civil Procedure to preserve all relevant evidence, including all

documents, correspondences, electronic evidence, papers, emails

discussing the incident, and any other discoverable materials related to

matters at issue in this case.  Litigation is reasonably anticipated in this

matter at this time.   To ensure that all discoverable material is

preserved, you should communicate directly with all employees and

persons who have possession or control of potentially relevant evidence

and advise them to preserve any relevant documents in their custody to

avoid destruction or spoliation of evidence.  All relevant documents, both

electronic and paper, must be preserved for the duration of this

litigation."  *Id*.  No defense witness has testified that a district-wide

preservation effort was made.[1]  And Defendants objected and produced no documents evidencing any preservation efforts.  (Exhibit 2).  The parties met and conferred on Friday March 1, 2024, and Defendants agreed to honor the deposition notice if it could be conducted on March 11, 2024 instead of on March 15, 2024 as it was noticed.  Plaintiffs agreed.  Then, on March 7, 2024, the parties met and conferred over the phone again, at which time Defendants stated they could no longer honor the March 11, 2024 date but provided no other available date.  Defendants then said that they would agree to a 30-day extension of discovery to accommodate the deposition and that they would be sending Plaintiff a proposed joint stipulation to extend discovery to file by today's date, which is the last day of discovery.  Defendants never sent the stipulation, just as they never sent any additional documents to complete their document production, and Plaintiffs do not anticipate any to be forthcoming based on the previous year and a half of delay, broken promises, and obfuscation.  Plaintiffs have been patient, but at this point it is clear that the matter will not be resolved without Court intervention

---

[1] Further, Defendants' scant document response that lacks specific emails, texts, and other documents that were requested shows a forensic audit is necessary.

requiring Defendants to comply with the federal rules.  Furthermore,
Plaintiffs seek to retain a third-party forensic expert, at Defendants'
expense, to perform a full forensic search of all school systems, all
document retention systems, all email systems, and all text message
systems, and any other sources to search for responsive documents as
Defendants have exhibited that they cannot and will not conduct a proper
search themselves.

## **LEGAL ARGUMENT**

Discovery under the federal rules "has been construed broadly to
encompass any matter that bears on, or that reasonably could lead to
other matters that could bear on, any issue that is or may be in the case."
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The
federal rules envision and require open, far-reaching discovery. *See Lewis
v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (citing
*Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  Fed. R.
Civ. P. 26(b)(1) provides that a party may obtain discovery "regarding
any non-privileged matter that is relevant to any party's claim or defense
and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Rule
34 permits a party to serve on another a party a request for production

of documents. Fed. R. Civ. P. 34(B)(2)(b) states that the production of responsive documents "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."  Rule 37 permits a party to move for an order compelling the production of responsive documents in accordance with Rule 34.  Rule 37 provides that a party may seek to compel discovery when, as here, a responding party fails and refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rule 30 permits a party to notice a deposition and obtain testimony from witnesses, including party witnesses who undoubtedly have relevant information.  And when a party fails to cooperate by attending a deposition or designating a representative to be deposed under Fed. R. Civ. P. 30(b)(6), Rule 37 (a)(3)(b)(ii) provides that the party seeking discovery may compel the designation.

## I. The Court Should Compel Defendants to Respond to Plaintiffs' Discovery Requests Fully and Completely and Order a Third-Party Forensic Audit to Ensure This is Done.

Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3).  Defendants' document

production is admittedly incomplete.  Defendants provided one singular text in response to Plaintiffs' request for the relevant texts of all Ann Arbor School Employees concerning the events in the Complaint, which were reported in the media.  (Exhibit 1 at Pls' Requests Nos. 3, 4, and 5; Exhibit 2, Exhibit 3).  And the one text that was produced was cut off in the middle and never produced in its entirety.  (Exhibit 3).  Defendants have failed to provide complete responses to Plaintiffs' Requests Nos. 3-6 (failed to provide documents in their entirety or incomplete production), No. 11 (same), No. 31 (failed to provide any personnel records of Defendants), No. 43 (failed to provide relevant documents and communications of Defendants from the months immediately prior and giving rise to Plaintiffs' claims on the grounds of "unduly burdensome" or "relevance"), and Nos. 44, 52, and 53 (failed to provide communications from witnesses listed on Defendants' own witness list and from provided email addresses directly relevant to Plaintiffs' claims under the guise the production would be "too burdensome."  Defendants object that producing the requested documents would burden them, but Defendants are incorrect.  *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 1086378, at *5 (E.D. Mich. Apr. 11, 2022).  Defendants have "the duty to conduct a

11

diligent search for responsive documents within her custody or control. This means [they] must undertake another search of documents in [their] possession." *Id.*

Furthermore, Defendants refer to privileged documents, yet never produced a privilege log, even after Plaintiffs requested that Defendants do so and gave them months to comply. (Exhibit 3). A party withholding documents or other communications on the basis of privilege has the burden of establishing the existence of a privilege that protects such information in two ways: (1) by "expressly" making a claim of privilege, and (2) by describing the withheld documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The plain language of the rule requires that whenever information is withheld as privilege, a privilege log that complies with Rule 26(b)(5)(A) must be provided by the responding party. Further, the party claiming privilege must demonstrate that the information is privileged under applicable law. Failure to do so may result in a determination that the privilege objection has been waived. *See, e.g.*, *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22,

2019).  And while such a "harsh sanction" is not automatic, "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver."  *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-cv-208-CRS, 2017 WL 6939338, at *14 (W.D. Ky. Feb. 16, 2017) (quoting *Ritacca v. Abbott Lab.*, 203 F.R.D. 332, 334-335 (N.D. Ill. 2001)).  Defendants have certainly dragged their feet and knowingly failed to comply with the discovery rules for months on end. A waiver of privilege is appropriate here.

Lastly, as to the issue of a forensic examination of Defendants' electronic devices, the Federal Rules provide "[s]pecific [l]imitations on [e]lectronically [s]tored [i]nformation." Fed. R. Civ. P. 26(b)(2)(B).  Those limitations state that a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).  Defendants' own systems, emails, electronic devices, texts, etc. are reasonably accessible and access to these discoverable documents would not pose any "undue" cost.  And when the parties admit, like Defendants do here, to sending or receiving relevant email and text message communications that were never produced, a forensic audit of

13

those communications is appropriate. *Gammons v. Adroit Med. Sys., Inc.*, No. 3:21-CV-173-TAV-DCP, 2023 WL 1425342, at *1 (E.D. Tenn. Jan. 31, 2023).   The Sixth Circuit has cautioned against compelling forensic examination when it involves "significant privacy and confidentiality concerns" to access to electronic data. *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008).   Yet here Defendants are not so concerned with privacy that they ever bothered to file a motion for protective order, nor did they care to timely provide a privilege log after being asked to do so.  If Defendants are not willing to preserve their own rights in accordance with the rules, the Court need not either. Protections can and should be made to protect student data and data concerning minors, but this can be achieved without sacrificing Plaintiffs' ability to obtain relevant discovery and this concern fails to apply to the adult Defendants and their employees who certainly have withheld relevant discovery that should be forensically audited.

## II. The Court Should Compel Defendants to Comply with Plaintiffs' Notice of Deposition of the Defendant Ann Arbor Public Schools' Fed. R. Civ. P. 30(b)(6) Representative.

Plaintiffs argument regarding their motion to compel Defendants to designate a Fed. R. Civ. P. 30(B)(6) witness is straight forward.

Defendants failed to comply with Plaintiffs' Notice of Deposition and failed to designate a representative. And while Defendants stated that they would in the future, Plaintiffs have been trying to schedule depositions with these Defendants since March 15, 2023. A year later, Defendants are still non-compliant, still dragging their feet, and still failing to work cooperatively and in accordance with the federal rules. Given this history and that Defendants seem to just be delaying until discovery to expires (which it does today) to impede Plaintiffs, an order compelling Defendants to designate a representative/s and make the representative/s available to be deposed within the next couple of weeks is necessary at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court compel Defendants to produce full and complete responses to Plaintiffs' First Request for Documents, order that the search for these documents be performed by a third-party forensic auditor and at the Defendants' expense, and order Defendants to comply with Fed. R. Civ. P. 30(b)(6).

Dated: March 14, 2024                    Respectfully submitted,

THOMAS MORE LAW CENTER

/s/RICHARD THOMPSON
Richard Thompson

## CERTIFICATE OF ELECTRONIC SERVICE

RICHARD THOMPSON states that on March 14, 2024, he did serve a copy of **this motion and brief** via the United States District Court electronic transmission.

/s/RICHARD THOMPSON

Richard Thompson (P21410)
Thomas More Law Center
*Attorney for Plaintiffs*
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI  48106
(734) 827-2001
rthompson@thomasmore.org

16